UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHN R. MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:26-cv-00025-SEB-KMB |
| | ) |
| SCOTT COUNTY, INDIANA, | ) |
| SCOTT COUNTY SHERIFF'S DEPARTMENT, | ) |
| KACEY RESCHAR Deputy, | ) |
| KYLE WEST Deputy, | ) |
| MCCUTCHEON Detective, | ) |
| BULLITT COUNTY, KENTUCKY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Third Amended Complaint
and Directing Filing of Fourth Amended Complaint**

The Court screened Plaintiff John R. McClure's amended complaint pursuant to 28 U.S.C.

§ 1915(e) and found that it contained unrelated claims against different defendants in violation of

Fed. R. Civ. P. 20. Dkt. 34. The Court dismissed the amended complaint and provided Mr. McClure

an opportunity to file a second amended complaint that complied with Fed. R. Civ. P. 20. *Id.* Mr.

McClure has since filed two amended complaints, dkts. 38, 42, and, because Mr. McClure is

proceeding *in forma pauperis*, dkt. 6, the Court screens the third amended complaint pursuant to

28 U.S.C. § 1915(e). *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 465 (7th Cir.

2017); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court must

"dismiss [a] case at any time" if the court determines the action is "frivolous or malicious" or the

action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)B); *Luevano*,

1

722 F.3d at 1022. Mr. McClure has also filed seven additional motions, which the Court addresses. Dkts. 36, 41, 43, 44, 45, 47, 48.

## I. Third Amended Complaint

In the third amended complaint, Mr. McClure names nine defendants—(1) Scott County, Indiana; (2) Scott County Sheriff's Department; (3) Sheriff Jerry Gooden; (4) Deputy Kacey Reschar; (5) Deputy Kyle West; (6) Detective McCutcheon; (7) Bullitt County, Kentucky; (8) Bullitt County Sheriff's Department; and (9) Sheriff Walt Sholar—plus twenty "John Doe" defendants. All eight of the defendants in Mr. McClure's screened-out complaint are included; "John Doe" defendants were also screened out previously. *See* dkt. 34. Moreover, the third amended complaint alleges the same range of facts with substantially similar constitutional claims.

Mr. McClure's third amended complaint cannot proceed as currently presented as violative of Fed. R. Civ. P. 20 for the reasons set forth in this Court's March 25, 2026 screening order. Dkt. 34. The third amended complaint advances unrelated claims against separate defendants based on separate events. His factual allegations provide a coherent narrative, but the resulting claims do not "aris[e] out of the same transaction, occurrence, or series of transactions of occurrences." Fed. R. Civ. P. 20(a)(2)(A). For example, Mr. McClure submits excessive force claims against the arresting officers, but those claims are unrelated to the denial of medical care and conditions of confinement claims against the custodial staff in the jail itself. There is no common question of law or fact that ties together the various claims against all defendants. Fed. R. Civ. P. 20(a)(2)(B).

Where a plaintiff has filed a complaint that violates Fed. R. Civ. P. 20, the Seventh Circuit has suggested that the best approach is to explain the problem, dismiss the complaint without prejudice, and provide leave to amend. *Dorsey v. Varga*, 55.4th 1094, 1107 ("We suggest a district court faced with misjoined claims begin, as the district court did here, by striking the complaint,

explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."). The Court will follow this approach here and will include a copy of its March 24, 2026 screening order, which includes further Fed. R. Civ. P. 18 and Fed. R. Civ. P. 20 analysis, with Mr. McClure's copy of this Order. The third amended complaint, dkt. 42, is **DISMISSED** for failure to comply with Fed. R. Civ. P. 20.

### II. Motion for Appointment of Counsel

On March 27, 2026, Mr. McClure filed a renewed motion for appointment of counsel. Dkt. 36. His previous motion for appointment of civil counsel in this case was denied because Mr. McClure had not indicated whether he had attempted to contact any attorneys. Dkt. 35.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These

questions require an individualized assessment of the plaintiff, the claims, and the stage of the litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigations have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. McClure has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. McClure has filed many motions in this matter, all of which have been cogent. He uses legal vocabulary and cites to caselaw and statutes such that it is apparent he has access to and comprehends legal resources. Mr. McClure has repeatedly pled a logical narrative of his allegations

and his claims, and, it seems to the Court, because he believed the screening order would be stricken per a motion to be addressed forthwith, Mr. McClure failed to address the Court's Fed. R. Civ. P. 20 analysis in his third amended complaint. Mr. McClure's deficient third amended complaint is not due to incompetence, and, for these reasons, the Court finds Mr. McClure competent to litigate this case on his own **at least through the conclusion of summary judgment briefing**. Mr. McClure **should not file any additional motions for counsel** absent a significant change in circumstances. His motion for appointment of counsel, dkt. 36, is **DENIED without prejudice**. The Court often recruits counsel at certain complex stages, such as for a formal settlement conference or trial. Thus, **the Court may reconsider this decision _on its own_ without any additional motion for counsel** by Mr. McClure.

### III. Motion for Limited Docket Clarification

On March 30, 2026, Mr. McClure filed a document styled as "Plaintiff's Notice of Change of Address, Supplemental Declaration, Notice Clarifying Relief Sought, and Motion for Limited Docket Clarification." Dkt. 41. He moves for clarification of the administrative docket description and designation. Upon opening, the case was given administrative labels of "Nature of Suit: 550 Prisoner: Civil Rights" and "Cause: 42:1983 Prisoner Civil Rights." These labels are merely administrative and have no impact on either the claims that Mr. McClure is able to pursue or how the Court addresses his filings. These labels have no effect on Mr. McClure's case. The Court has not found Mr. McClure to be a prisoner, and the Court makes no assumption that he is a prisoner because of these labels. While the Court appreciates Mr. McClure highlighting the discrepancy between these labels and Mr. McClure's non-prisoner status, these labels are simply not material. Mr. McClure's motion for limited docket clarification, dkt. 41, is **GRANTED** as reflected herein.

### IV. Motions to Correct Classification from "Prisoner" to "Non-Prisoner" and to Preserve all Previously Filed Evidence

On April 1, 2026, Mr. McClure file a motion to correct classification from "prisoner" to "non-prisoner" and to preserve all previously filed evidence. Dkt. 43. He filed a duplicate of this motion the same day. Dkt. 44. Mr. McClure believes the Court has classified him as a "prisoner" because it previously screened his complaint. Indeed, a court may screen a prisoner's complaint pursuant to 28 U.S.C. § 1915A. However, the Court did not screen his first and third amended complaints pursuant to 28 U.S.C. § 1915A or because it classified him as a "prisoner." Rather, the Court is screening Mr. McClure's complaints pursuant to 28 U.S.C. § 1915(e) and because Mr. McClure is proceeding *in forma pauperis*. *See* dkt. 6. Specifically, under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must "dismiss [a] case at any time" if the court determines the action "fails to state a claim on which relief may be granted." Because Mr. McClure's first and third amended complaints are improper under Fed. R. Civ. P. 20, his complaints failed to state claims on which relief may be granted. The Court, therefore, will not vacate its Orders screening Mr. McClure's complaints.

Mr. McClure must re-file any exhibits to his fourth amended complaint that he wishes to include; he may not reference or invoke exhibits attached to his dismissed complaints. *See Beal v. Beller*, 897, 901 (7th Cir. 2017) ("once an amended complaint is filed, the original complaint drops out of the picture"). Mr. McClure's motions to correct classification from "prisoner" to "non-prisoner" and to preserve all previously filed evidence, dkts. 43, 44, are **DENIED**.

### V. Motion for Docket Correction and Administrative Cleanup

Also on April 1, 2026, Mr. McClure filed a motion for docket correction and administrative cleanup, dkt. 45, where he seeks the reordering of some filings on the docket to reflect the chronology he submits. Mr. McClure argues that this reordering is necessary to avoid confusion,

6

to track which filings are pending, and to reflect which complaint is operative. The order in which filings are listed on the docket has no effect on whether they are pending; motions are not necessarily addressed in chronological order. Further, reordering has no impact on any document's filing date. The filing date—not the order that the filings are entered on the docket—determines which complaint is operative or whether a filing is timely. The Court is not the slightest confused by the docket. Additionally, because no party aside from Mr. McClure has appeared or filed anything on the docket, Mr. McClure, while seemingly unhappy with some minutiae of the docket, is unlikely to be confused himself. The reordering of filings on the docket would have no material impact on this case, and Mr. McClure's motion for docket correction and administrative cleanup, dkt. 45, is **DENIED**.

### VI. Motions for Injunctive Relief

Finally, Mr. McClure filed two motions for injunctive relief on April 5 and 6, 2026: an emergency motion for writ of prohibition and immediate injunctive relief, dkt. 47; and a supplemental emergency motion for preliminary injunction and immediate relief. Dkt. 48. He again asks this Court to interfere with his state court criminal case, which this Court has no authority to do. *See Parker v. Capitol One Auto Fin.*, No. 1:18-cv-00660-TWP-MJD, 2018 WL 1242010, at *2 (S.D. Ind. Mar. 9, 2018). His invocation of a writ of prohibition does not somehow alter this Court's analysis of his previous motions for injunctive relief. *See* dkt. 35. A petition for writ of prohibition must be filed in a U.S. Court of Appeals rather than a U.S. District Court. Fed. R. App. P. 21(a)(1) ("A party petitioning for a writ of . . . prohibition directed to a court must file a petition with the circuit clerk"). More importantly, neither this Court nor the U.S. Court of Appeals for the Seventh Circuit is the appellate court to the state court upon which Mr. McClure seeks the writ. *See Prohibition*, BLACK'S LAW DICTIONARY (12th ed. 2024) (a writ of prohibition

7

is "[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction"). Mr. McClure's motions for injunctive relief, dkts. 47, 48, are **DENIED**.

### VII. Conclusion

The third amended complaint, dkt. 42, is **DISMISSED** for failure to comply with Fed. R. Civ. P. 20. Mr. McClure shall have **through May 11, 2026**, to file a fourth amended complaint that complies with Fed. R. Civ. P. 20.

If Mr. McClure files a fourth amended complaint, it will be screened pursuant to 28 U.S.C. § 1915(e). If no fourth amended complaint is filed, this action may be dismissed without further notice or opportunity to show cause.

Any fourth amended complaint should have the proper case number, 4:26-cv-00025-SEB-KMB, and the words "Fourth Amended Complaint" on the first page. The fourth amended complaint will completely replace the original, and it must set out every defendant, claim, and factual allegation Mr. McClure wishes to pursue in this action.

The fourth amended complaint must (a) contain a short an plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. Mr. McClure's second amended complaint, dkt. 39, used the Court's complaint form, while his third amended complaint did not. The **clerk is directed** to include a copy of the complaint for violation of civil rights form along with Mr. McClure's copy of this Order, which **he must use if he files** ***any* amended complaint**. *See* S.D. Ind. L.R. 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983). Additionally, the **clerk is directed** to include a copy of this Court's previous screening order, dkt. [34], with Mr. McClure's copy of this Order.

Mr. McClure's motion for limited docket clarification, dkt. [41], is **GRANTED** as reflected

in this Order. All of his remaining outstanding motions, dkts. [36], [43], [44], [45], [47], [48], are

**DENIED**. His motion for appointment of counsel, dkt. [36], is **DENIED without prejudice**.

**IT IS SO ORDERED**.


Date: 4/13/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana



Distribution:

JOHN R. MCCLURE
General Delivery
Louisville, KY 40129

9