UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JOHN R. MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00025-SEB-DML |
| | ) | |
| SCOTT COUNTY, INDIANA, | ) | |
| SCOTT COUNTY SHERIFF'S DEPARTMENT, | ) | |
| KACEY RESCHAR Deputy, | ) | |
| KYLE WEST Deputy, | ) | |
| MCCUTCHEON Detective, | ) | |
| BULLITT COUNTY, KENTUCKY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Fourth Amended Complaint and Staying Proceeding**

The Court has screened Plaintiff John R. McClure's previous complaints pursuant to 28 U.S.C. § 1915(e) and found them to contain unrelated claims against different defendants in violation of Fed. R. Civ. P. 20. Dkts. 34, 51. The Court dismissed Mr. McClure's most recent third amended complaint and provided him an opportunity to file a fourth amended complaint that complied with Fed. R. Civ. P. 20. Dkt. 51. Mr. McClure has filed a fourth amended complaint, dkt. 52, which the Court now screens pursuant to 28 U.S.C. § 1915(e). *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 465 (7th Cir. 2017); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court must "dismiss [a] case at any time" if the court determines the action is "frivolous or malicious" of the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Luevano*, 722 F.3d at 1022.

1

## II. The Fourth Amended Complaint

In the fourth amended complaint, Mr. McClure names five defendants—Deputy Sheriff Kacey Reschar, Deputy Sheriff Kyle West, Detective McCutcheon, and two "John Doe" Scott County Sheriff's Department officers. Mr. McClure alleges that, on March 24, 2025, Mr. McClure was driving in Scott County, Indiana. Deputy Reschar, in an unmarked vehicle, initiated a traffic stop; other officers arrived on the scene. Mr. McClure exited his vehicle, and, while he was standing near the front bumper of a police vehicle, Deputy West grabbed his arm without warning. Mr. McClure was forced to the ground by multiple officers, hitting the police vehicle on his way down, causing bruising.

Mr. McClure was arrested and transported to Scott County Jail. There, he was subjected to a strip search, x-rays, DNA collection, and photographs. He requested further medical attention. Detective McCutcheon was aware of Mr. McClure's injuries. Yet, Mr. McClure received no further treatment at Scott County Jail. Mr. McClure experienced neck pain, pain radiating into his arm, numbness, and reduced grip strength; he also experienced humiliation.

The Court takes judicial notice that Mr. McClure's criminal case, *State v. McClure*, No. 72-C01-2503-F5-000009, in Scott Circuit Court resulted in a partial guilty plea. The Court further notices that Mr. McClure filed a notice of appeal in that matter on May 28, 2026, and that the Scott Circuit Court found the notice of appeal substantively deficient to commence an appeal. In his May 28 emergency notice of state court retaliation and judicial misconduct, dkt. 60, Mr. McClure indicates an intent to file an appeal of the Scott Circuit Court judgment and that he has through June 27 to do so.

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. McClure has identified the theories he wishes to use as Fourth Amendment excessive force, Fourth Amendment unreasonable seizure, and Fourteenth Amendment inadequate medical care claims pursuant to 42 U.S.C. § 1983. Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. McClure's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against the "John Doe" defendants are **dismissed** for failure to state a claim upon which relief may be granted. "[I]t is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe", defendants in federal court is generally disfavored by the Seventh Circuit, and such claims are therefore dismissed.

Second, all claims against Detective McCutcheon are **dismissed** for failure to state a claim upon which relief may be granted. Mr. McClure's sole allegation against Detective McCutcheon is that Detective McCutcheon was aware of Mr. McClure's injuries at the jail. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017). Mr. McClure does not allege Detective

3

McCutcheon to have been present for the alleged excessive force or unreasonable seizure. As for the inadequate medical care claim, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Detective McCutcheon is not alleged to have ignored Mr. McClure's medical needs or actively denied his requests, and Detective McCutcheon's mere knowledge and inaction, without more, does not state a cognizable Fourteenth Amendment claim.

Third, all Fourteenth Amendment inadequate medical care claims against Deputy Reschar and Deputy West are **dismissed** for failure to state a claim upon which relief may be granted. Mr. McClure alleges no defendants, including Deputy Reschar and Deputy West, to have been personally responsible for his lack of medical care at the jail. *See Est. of Miller by Chassie*, 847 F.3d at 428.

Finally, all Fourth Amendment claims against Deputy Reschar and Deputy West are **stayed** pending the outcome of *State v. McClure*, No. 72C01-2503-F5-000009, and any appeals. The abstention doctrine in *Younger v. Harris* provides that federal courts should abstain from hearing constitutional challenges to state actions until the state proceedings are resolved. 401 U.S. 37 (1971). This doctrine is subject to very narrow exceptions, which amount to "flagrant violation[s] of express constitutional rights" and irreparable injury. *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993) (internal citation omitted). The Seventh Circuit has explained that "[t]he rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts." *FreeEats.com, Inc. v. Indiana¸* 502 F.3d 590, 595 (7th Cir. 2007). Citing this doctrine, federal courts have largely declined to interfere in state court criminal proceedings until resolution of the case. *See, e.g.*, *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). The Seventh

Circuit has instructed district courts to stay civil rights claims for monetary relief, not to dismiss them. *Id.* at 138-39.

Here, Mr. McClure seeks damages and declaratory relief. He submits that the state proceeding is being conducted in bad faith or for purposes of harassment. Dkt. 60 at 2. Mr. McClure states that the state court judge is threatening him off the record. While a federal court may intervene despite an ongoing state criminal case if the "state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), Mr. McClure's categorization of the judge's behavior at one hearing as threatening does not undermine the proceeding in turn. After all, Mr. McClure entered a partial guilty plea to the charges brought against him, and he indicates that the appellate process is available to him. Neither the allegations in his operative complaint nor the statements in his subsequent filings are sufficient to support a finding that the prosecution occurred as part of an effort to harass him or was otherwise initiated in bad faith. Provided Mr. McClure's representations to the Court that he anticipates appealing the Scott Circuit Court judgment, the Court will stay this action pending resolution of the purportedly forthcoming appeal.

### IV. Conclusion and Service of Process

This action is **STAYED** pending the outcome in *State v. McClure*, No. 72C01-2503-F5-000009, in Scott Circuit Court. Mr. McClure is **ORDERED** to provide a status update **after June 29, 2026**, but **before July 10, 2026**. He shall provide further status updates **every 60 days** on the status of Scott Circuit Court action until it has concluded. The status updates shall be titled "Status Update", and they shall include the status of any appeal should one occur and any other pertinent dates or deadlines in the case. Should Mr. McClure fail to provide status updates every 60 days, this action may be dismissed without prejudice for failure to prosecute without further warning.

While the stay postpones and halts this proceeding, the Court may rule on Plaintiff's outstanding motions as of entering this Order without lifting the stay.

**IT IS SO ORDERED.**

Date: _____6/15/2026_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN R. MCCLURE
100 Dewberry Rd.
Louisville, KY 40229